UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JANE DOE,                                                              :
                                                                       :
                              Plaintiff,                               :
                                                                       :
              -v-                                                      :   25 Civ. 950 (JPC)
                                                                       :
FASHION INSTITUTE OF TECHNOLOGY,                                       :   ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On January 31, 2025, Plaintiff commenced this action by filing a Complaint under the pseudonym "Jane Doe," Dkt. 1 ("Compl."), and simultaneously moved for leave to proceed anonymously, Dkts. 4 ("Motion"), 5, with an accompanying proposed protective order, Dkt. 7.  In this action, Plaintiff alleges that Defendant Fashion Institute of Technology ("FIT") violated Title VI of the Civil Rights Act of 1964, as well as New York State and New York City laws, by discriminating against her based on her religion and national origin.  Specifically, Plaintiff alleges that FIT disregarded antisemitic acts on its campus and online that, among other things, created a hostile environment and deprived Plaintiff of the full benefit of educational opportunities at FIT. Compl. ¶¶ 20-43, 91-113.  Among these alleged antisemitic acts, Plaintiff was told by students at an anti-Israel protest to "go kill [herself]," *id.* ¶ 25, and later when her picture was posted online, others suggested that they "beat[] her ass as an example," *id.* ¶¶ 48-49.  When Plaintiff reported these events to FIT, the school allegedly suspended her for seven months after an "improper investigation and adjudication which destroyed Plaintiff's reputation and will permanently impact and derail her future." *Id.* ¶¶ 50-76, 86-90.  She also has requested the issuance of summons as to FIT, which has yet to appear in this case.  For reasons that follow, the Court grants Plaintiff's

motion to proceed anonymously at this stage of the litigation, but for this relief to remain in place, Plaintiff must renew her application after FIT is served.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). There is a presumption that a plaintiff will proceed under his own name. *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption."). The Second Circuit has directed district courts to consider ten factors in balancing these competing interests:

>  (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise,

>there is an atypically weak public interest in knowing the litigants' identities; and
>
>(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 42 (citing *Sealed Plaintiff*, 537 F.3d at 189-90).  Whether to allow a party to proceed anonymously is within the sound discretion of the district court.  *Sealed Plaintiff*, 537 F.3d at 190.

After careful review of the above ten factors, the Court finds that, at least for present purposes until FIT appears and is heard on the matter, Plaintiff has met her burden of rebutting the presumption that she will proceed under her own name.  The Court concludes that factors two, three, six, seven, and ten weigh in her favor.  Regarding the second and third factors, the Complaint alleges that Plaintiff suffered emotional distress and reputational damage as a result of the harassment, and thus "[t]he nature of the allegations make it logical to conclude at this early stage that disclosure of Plaintiff's identity would cause further psychological harm to Plaintiff which is the precise harm th[is] litigation seeks, in part, to redress."  *Doe v. Indyke*, No. 19 Civ. 7771 (PKC) (S.D.N.Y. Sept. 12, 2019), Dkt. 28 at 2.  Plaintiff seeks, among other things, to have her suspension reversed and her academic record expunged in an effort to save her professional reputation, Compl. at 30, relief whose value would be compromised if her name is disclosed at this stage.  Moreover, as alleged, Plaintiff was subject to violent threats when her picture was posted on social media after she refused to accept a flier inviting students to sign a petition "claim[ing] that Jews of Israel are colonizers that engage in ethnic cleansing and commit genocide in Gaza," Compl. ¶¶ 44-49, and disclosure of her identity at this stage could subject her to similar threats or harms.  *See Doe v. Townes*, No. 19 Civ. 8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) ("The second and third factors evaluate the risks that identification would present and the likelihood of those physical and mental harms.  If disclosure creates risk of harm from third parties, disclosure is disfavored.").  On the sixth factor, there is no apparent prejudice to FIT from Plaintiff proceeding anonymously at this early stage of the litigation, prior to its appearance, particularly as the Court

will require Plaintiff to file a renewed motion to proceed anonymously after serving FIT for this protection to remain in place. It appears that Plaintiff's identity has been kept confidential so far, so the seventh factor also weighs in her favor. Finally, with respect to the tenth factor, the Court is unaware of any alternative mechanisms to protect Plaintiff's identity.

On the other hand, the Court finds that the fourth and fifth factors are neutral, while the first, eighth, and ninth factors weigh against Plaintiff. As to the fourth factor, although Plaintiff is not a child, her status as a college student who has yet to start her professional career makes her particularly vulnerable to reputational harm. With respect to the fifth factor, FIT is "neither [a] governmental entit[y] nor [an] ordinary private part[y]," as it is "organized solely to perform an important, public service." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (internal quotation marks omitted). The first factor does not weigh in favor of anonymity because, as Plaintiff recognizes, "mere membership in a protected class based on race, ethnicity, religion, or national origin is not typically considered 'highly sensitive.'" Motion at 3. Although Plaintiff argues that "her identification as a Jewish Zionist" is what caused the "unjust adverse consequences that are the subject of this litigation," and that she "should not be forced to reveal her name and risk further online harassment, doxing, and threats," *id.*, her fears of future harm "are already accounted for in the second and third *Sealed Plaintiff* factors," *Doe v. Intel Corp.*, No. 24 Civ. 6117 (JPO), 2024 WL 4553985, at *3 (S.D.N.Y. Oct. 22, 2024). Moreover, Plaintiff's "support for Israel [and] identification as a Zionist," even "in today's highly polarized climate," Motion at 3, is not alone a "highly sensitive and personal" issue that warrants the use of a pseudonym, *N. Jersey Media Grp., Inc. v. Doe Nos. 1-5*, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012). *See also Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 Civ. 5601 (HBP), 2015 WL 7017431, *3 (S.D.N.Y. Nov. 12, 2015) ("[T]he potential for embarrassment or public humiliation does not, without more, justify a request for anonymity."). The eighth factor weighs slightly against

4

Plaintiff given the media's interest in cases surrounding alleged disparate treatment of Jewish students at universities and the politically charged nature of Plaintiff's allegations. The ninth factor also tilts marginally against Plaintiff because the issues in this case are likely not of a purely or predominantly legal nature. *See Townes*, 2020 WL 2395159, at *6 ("The eighth and ninth factors direct courts to balance whether the public's interest in the litigation is furthered by disclosure of the plaintiff's identity, but if the issues are purely legal in nature, there is weak public interest."). None of these factors, however, outweigh the factors that lean in favor of granting Plaintiff's motion at this stage of the proceeding.

In sum, after weighing the factors outlined in *Sealed Plaintiff*, the Court grants Plaintiff's motion, but with more limited relief than sought in her proposed protective order. The Court concludes that Plaintiff may proceed at this stage under the pseudonym "Jane Doe," but intends to revisit the issue after FIT appears in this action. In particular, this Order permitting Plaintiff to proceed anonymously shall remain in effect only until the later of (1) thirty days following service of the Complaint or (2) the Court's ruling on any timely renewed motion to proceed anonymously. Any renewed motion must be filed within thirty days after service of the Complaint. In the absence of a timely motion, the Court shall order the name of the Plaintiff be disclosed. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 4 and to issue the requested summons. Plaintiff shall serve a copy of this Order on FIT along with the summons and Complaint.

SO ORDERED.

Dated: February 4, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge