UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JANE DOE,                                                              :
                                                                       :
                            Plaintiff,                                 :
                                                                       :
              -v-                                                      :   25 Civ. 950 (JPC)
                                                                       :
FASHION INSTITUTE OF TECHNOLOGY,                                       :   OPINION AND ORDER
                                                                       :
                            Defendant.                                 :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff brings this action against her college, the Fashion Institute of Technology ("FIT"), alleging discrimination, retaliation, and other related claims. Using the pseudonym "Jane Doe," Plaintiff filed her Complaint on January 31, 2025, Dkt. 1, and simultaneously moved for leave to proceed anonymously, Dkt. 4. On February 4, 2025, before FIT had appeared, the Court issued an Order allowing Plaintiff to proceed as "Jane Doe" initially, on the condition that leave to appear anonymously "shall remain in effect only until the later of (1) thirty days following service of the Complaint, or (2) the Court's ruling on any timely renewed motion to proceed anonymously." Dkt. 8 at 5. The Court added that if Plaintiff failed to file a renewed motion within thirty days of service of the Complaint, it would order disclosure of Plaintiff's name. *Id.*

      FIT now has been served with the Complaint and has appeared. Dkts. 11-13. On March 21, 2025, Plaintiff timely filed a renewed motion to appear anonymously. Dkts. 20, 21 ("Motion"). FIT has not filed an opposition, and Plaintiff represents that FIT does not oppose the Motion. *See* Motion at 2 ("On March 21, 2025, Defendant's counsel informed [Plaintiff's] counsel that FIT will not oppose Plaintiff's renewed motion to proceed under a pseudonym."). Notwithstanding the absence of opposition, the Motion is denied for reasons that follow.

## I. Background

As recounted in the Court's February 4, 2025 Order, Plaintiff brings causes of action under Title VI of the Civil Rights Act of 1964, as well as New York State and New York City laws, primarily accusing the school of discriminating against her based on her religion and national origin. Plaintiff alleges that FIT disregarded antisemitic acts on its campus and online that, among other things, created a hostile environment and deprived her of the full benefit of educational opportunities at FIT. Dkt. 15 ("Am. Compl.") ¶¶ 20-43, 91-113. Among these alleged antisemitic acts, Plaintiff was told by students at an anti-Israel protest to "go kill [herself]," *id.* ¶ 25, and later when her picture was posted online, others suggested that they "beat[] her ass as an example," *id.* ¶¶ 48-49. When Plaintiff reported these events to FIT, the school allegedly suspended her for seven months after an "improper investigation and adjudication which destroyed Plaintiff's reputation and will permanently impact and derail her future." *Id.* ¶¶ 50-76, 86-90. Plaintiff also alleges that FIT's actions caused her emotional distress. *Id.* ¶¶ 208-229.

## II. Legal Standard

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). There is a presumption that a plaintiff will proceed under her own name, and the general requirement that she do so "cannot be set aside lightly." *Id.* at 188-89; *see United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption."); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). The Second Circuit has directed district courts to consider ten factors in balancing these competing interests:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Pilcher*, 950 F.3d. at 42 (citing *Sealed Plaintiff*, 537 F.3d at 189-90). In considering a motion to proceed anonymously, "a district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4.

A court also must evaluate the relevant factors even when, as here, an anonymity motion is unopposed. *See, e.g.*, *S.D. v. Decker*, No. 22 Civ. 3063 (VSB) (BCM), 2022 WL 1239589, at *2-3 (S.D.N.Y. Apr. 27, 2022) (denying unopposed motion to proceed anonymously after weighing the *Sealed Plaintiff* factors); *Doe v. Leonelli*, No. 22 Civ. 3732 (CM), 2022 WL 2003635,

at *2-5 (S.D.N.Y. June 6, 2022) (same); *P.D. v. Sullivan*, No. 24 Civ. 778 (NSR), 2024 WL 1719890, at *2-3 (S.D.N.Y. Apr. 22, 2024) (same); *see also Matthews v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 17 Civ. 503 (TJM) (DEP), 2018 WL 11697266, at *6 (N.D.N.Y. Oct. 19, 2018) (granting an unopposed motion and noting that "[a]lthough defendants' motion to proceed anonymously in this action was unopposed by plaintiffs, the court has an overarching obligation to ensure that the public's First Amendment right of access is properly balanced against the special circumstances raised by defendant['s] anonymity in this case"). After all, the Second Circuit in *Sealed Plaintiff* instructed district courts to weigh "the interests of both *the public* and the opposing party" in considering such motions. 537 F.3d at 189 (emphasis added); *see Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) ("Animating Rule 10(a) is the 'public's common law right of access to judicial proceedings,' which is a right 'supported by the First Amendment.'" (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016))). Whether to allow a party to proceed anonymously is within the sound discretion of the district court. *Sealed Plaintiff*, 537 F.3d at 190.

### III. Analysis

After careful review of the above ten factors, the Court finds that Plaintiff has failed to rebut the presumption that she will proceed under her own name and therefore denies Plaintiff's motion to proceed anonymously.

**A.    Factor One: Highly Sensitive Matters of a Personal Nature**

Plaintiff argues that her "identification with the Jewish people and Jewish self-determination is a matter that is deeply personal and highly sensitive." Motion at 3. As Plaintiff recognizes, however, "mere membership in a protected class based on race, ethnicity, religion, or national origin is not typically considered 'highly sensitive.'" *Id.* at 4. And although Plaintiff argues that "[p]ublic support for Israel, or identification as a Zionist, is increasingly stigmatized,"

4

"[e]vidence of embarrassment, social stigmatization, and economic harm [is] insufficient to proceed anonymously" *Doe v. Townes*, No. 19 Civ. 8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020).  Accordingly, the first factor weighs against Plaintiff.

B.     **Factors Two and Three: Risk of Retaliation and the Severity of Harm to Plaintiff**

Factors two and three assess the potential harm to the movant from disclosure.  Factor two concerns "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties," while factor three asks "whether identification presents other harms and the likely severity of those harms." *Sealed Plaintiff*, 537 F.3d at 190 (alterations adopted and internal quotation marks omitted).  These two "factors evaluate the risks that identification would present and the likelihood of those physical and mental harms.  If disclosure creates risk of harm from third parties, disclosure is disfavored." *Townes*, 2020 WL 2395159, at *4.  At the same time, however, "speculative claims of physical or mental harms are insufficient to bolster a request for anonymity," and "a defendant's prior knowledge of the plaintiff's identity weighs against these factors." *Doe v. Telemundo Network Grp. LLC*, No. 22 Civ. 7665 (JPC), 2023 WL 6259390, at *4 (S.D.N.Y. Sept. 26, 2023) (internal quotation marks omitted).

Plaintiff argues that two potential harms would arise from disclosing her identity.  First, she argues that disclosure would result in retaliatory physical harm, given that she has already been subject to violent threats online.  Motion at 4-5.  And second, Plaintiff argues that disclosure would irreparably damage her reputation.  *Id.* at 5-8 (contending that there is a "real possibility that Plaintiff could be permanently stigmatized by these allegations" and that the allegations "would threaten her ability to secure future employment, pursue academic opportunities, or even engage in personal relationships").  In her Amended Complaint, Plaintiff alleges that she was subject to violent online threats when her picture was posted on social media after she refused to accept a

5

flier that invited students to sign a petition "claim[ing] that the Jews of Israel are colonizers that engage in ethnic cleansing and commit genocide in Gaza." Am. Compl. ¶¶ 44-49. This alleged history of prior action directed at Plaintiff raises some risk of harm to her from third parties. *See Townes*, 2020 WL 2395159, at *4. The possibility that Plaintiff would be stigmatized by her name being disclosed, however, is "insufficient to proceed anonymously." *Id.*; *see Telemundo Network Grp.*, 2023 WL 6259390, at *5 ("Courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." (alteration adopted and internal quotation marks omitted)). Moreover, "Plaintiff's interest in anonymity due to the risk of harm is not one-sided; rather, it must be balanced against the corresponding interest that Defendant[] face[s] having been publicly named in Plaintiff's suit." *Doe v. Intel Corp.*, No. 24 Civ. 6117 (JPO), 2024 WL 4553985, at *5 (S.D.N.Y. Oct. 22, 2024). Here, if Plaintiff were to proceed under a pseudonym, FIT "would be required to defend [itself] publicly while [P]laintiff could make her accusations from behind a cloak of anonymity." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).

The second and third *Sealed Plaintiff* factors thus weigh only slightly in favor of anonymity.

**C.    Factor Four: Plaintiff's Vulnerability**

Under factor four, a court must consider the party's vulnerability, "particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. Where Plaintiff is an adult "who has chosen to level serious charges against a defendant in the public eye," this fourth factor "weighs in favor of [her] shouldering the burden of such accusations." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021). Although Plaintiff argues that her status as a college student makes her particularly susceptible to reputational harm, such harm is not sufficient to justify proceeding anonymously. *See Townes*, 2020 WL 2395159, at *4. This factor weighs against proceeding anonymously.

### D. Factor Five: Government or Private Action

Factor five pertains to whether the suit concerns actions of the government or private parties. *See Doe v. Combs*, No. 24 Civ. 7777 (LJL), 2025 WL 722790, at *3 (S.D.N.Y. Mar. 6, 2025) ("When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." (internal quotation marks omitted)). "Courts are less inclined to allow plaintiffs to proceed anonymously in private party cases because suits against private parties may cause damage to their good names and reputations, whereas suits against the government involve no injury to the government's reputation." *Telemundo Network Grp.*, 2023 WL 6259390, at *5 (alterations adopted and internal quotation marks omitted); *accord Doe v. Combs*, No. 24 Civ. 8054 (MKV), 2024 WL 4635309, at *2 (S.D.N.Y. Oct. 30, 2024) ("Courts are loathe to grant a motion to proceed anonymously against private parties.") (collecting cases). In addition, "there is a significant interest in open judicial proceedings [in private civil suits] since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Rapp*, 537 F. Supp. 3d at 532 (internal quotation marks omitted).

Here, Plaintiff brings suit against a government entity—a public college under the State University of New York system—and so this factor weighs in favor of Plaintiff's motion. *See* Am. Compl. ¶ 16 ("Defendant FIT is part of the State University of New York [('SUNY')] system . . . ."); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) ("SUNY is an integral part of the government of the State of New York and when it is sued the State is the real party." (alteration adopted and internal quotation marks omitted)).

### E. Factor Six: Prejudice to Defendant

Factor six examines "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff argues that allowing her to

7

proceed anonymously would "in no way prejudice[] Defendant" because FIT "is fully aware of Plaintiff's identity and, therefore, is in no way hindered in its ability to defend against this case." Motion at 10.  That alone, however, is not dispositive.  *Telemundo Network Grp.*, 2023 WL 6259390, at *5.  "Rather, when analyzing this sixth factor, courts consider a variety of potential prejudice to a defendant including difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously."  *Id.* (internal quotation marks omitted); *accord Townes*, 2020 WL 2395159, at *5.  Indeed, because "[h]ighly publicized cases can cause unknown witnesses to surface," maintaining only one party's identity confidential creates a risk that only witnesses for that side would "come to light."  *Combs*, 2024 WL 4635309, at *5 (internal quotation marks omitted).  As a result, "persons with information about Plaintiff or her allegations that would be helpful to the defense likely would have no way of knowing to come forward.  This asymmetry between the parties not only would prejudice Defendant[], but would hinder the judicial interest in accurate fact-finding and fair adjudication."  *Id.* (alteration adopted and internal quotation marks omitted); *see Doe v. Combs*, No. 24 Civ. 8810 (LAK), 2025 WL 268515, at *4 (S.D.N.Y. Jan. 22, 2025) ("Particularly in a high profile case in which unknown witnesses may surface, use of a pseudonym may prevent information favorable to the defendants from coming to light.  Additionally, the plaintiff's anonymity may undermine the defendants' efforts to mitigate the alleged reputational damage stemming from these serious allegations." (footnote omitted)).

       The Court finds this factor to be neutral—discovery difficulties may persist even though FIT is aware of Plaintiff's identity, and although "fundamental fairness" would suggest that Plaintiff should shed her cloak of anonymity, FIT's vulnerability to reputational harm is diminished as a government institution.

F.     **Factor Seven: The Status of Confidentiality in the Proceedings**

The Court next considers "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff has remained anonymous thus far in this action, so this factor weighs in favor of continuing to allow her to proceed anonymously.

G.     **Factors Eight and Nine: The Public's Interest in the Litigation**

"The eighth and ninth factors direct courts to balance whether the public's interest in the litigation is furthered by disclosure of the plaintiff's identity . . . ." *Townes*, 2020 WL 2395159, at *6. "If the issues presented are purely legal in nature, generally there is an atypically weak public interest in knowing the litigants' identities. Where, however, the litigation involves, not abstract challenges to public policies, but rather particular action and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Telemundo Network Grp.*, 2023 WL 6259390, at *7 (alterations adopted and internal quotation marks omitted). Plaintiff's claims here are not purely legal in nature; instead, Plaintiff advances discrimination claims that involve "specific factual allegations of harassment and other mistreatment by [FIT]." *Roe v. RPI*, No. 22 Civ. 932 (TJM) (ATB), 2022 WL 22889202, at *7 (N.D.N.Y. Oct. 12, 2022). Given that there is a demonstrated public interest in cases surrounding alleged disparate treatment of Jewish students at colleges and that the facts at the core of this case involve "particular action and incidents" rather than "abstract challenges to public policies," factors eight and nine weigh against allowing Plaintiff to proceed anonymously. *Telemundo Network Grp.*, 2023 WL 6259390, at *7 (internal quotation marks omitted).

H.     **Factor Ten: Alternative Mechanisms**

Finally, the tenth factor asks "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. Here, Plaintiff can seek less

drastic remedies than blanket anonymity, such as "protective documents, redactions, confidentiality agreements or sealing documents." *Doe v. Salina*, No. 23 Civ. 3529 (JMW), 2024 WL 1259362, at *7 (E.D.N.Y. Mar. 25, 2024); *accord Combs*, 2024 WL 4635309, at *6. Accordingly, factor ten weighs against granting Plaintiff's request for blanket anonymity.

* * *

Rule 10(a)'s general requirement that a complaint name all the parties, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188-89; *see also Publicola v. Lomenzo*, 54 F.4th 108, 113 (2d Cir. 2022) ("We emphasized in *Sealed Plaintiff* that the general requirement of disclosure of the names of parties is subject only to a *limited* number of exceptions and cannot be set aside lightly." (internal quotation marks omitted)); *Pilcher*, 950 F.3d at 42 ("Identifying parties in a proceeding 'is an important dimension of publicness,' as 'people have a right to know who is using their courts.'" (quoting *Sealed Plaintiff*, 537 F.3d at 189)).  Thus, allowing a party to proceed anonymously in federal court is an "exceptional remedy" that requires "a showing of exceptional circumstances." *Rapp*, 537 F. Supp. 3d at 526-27; *see Doe v. Stanford*, No. 23 Civ. 1827 (LTS), 2023 WL 5016969, at *1 (S.D.N.Y. Aug. 7, 2023) ("[T]here is a strong presumption that litigants must proceed under their true names." (internal quotation marks omitted)); *Doe v. Fedcap Rehab. Servs., Inc.*, No. 17 Civ. 8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) ("At the end of the day, Plaintiff has to overcome the strong default rule that parties must proceed under their real names").

Such "exceptional circumstances" do not exist in this case.  While the fifth and seventh *Sealed Plaintiff* factors tilt in favor of Plaintiff, as do slightly the second and third factors, the remaining considerations are either neutral or weigh against Plaintiff.  Reviewing these factors in

their totality, the Court finds that Plaintiff has not met her burden of rebutting the strong presumption that she must proceed under her own name.

## IV.  Conclusion

Accordingly, Plaintiff's renewed motion to appear anonymously is denied.  Plaintiff shall file an amended complaint with her true name within by April 18, 2025.  If an amended complaint is not filed by that date, or if that deadline is not extended, the Court will dismiss the Complaint without prejudice.  The Clerk of Court is respectfully directed to close Docket Number 20.

SO ORDERED.

Dated: April 3, 2025
      New York, New York

                           JOHN P. CRONAN
                     United States District Judge