**BOND SCHOENECK & KING**

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | bsk.com
REBECCA K. KIMURA, ESQ.
rkimura@bsk.com
P: 646.253.2309

April 21, 2025

**VIA ELECTRONIC FILING AND E-MAIL**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:   *Jane Doe v. Fashion Institute of Technology,* Case No.: 1:25-CV-00950

Dear Judge Cronan:

We represent Defendant, the Fashion Institute of Technology ("FIT" or "Defendant"), in the above-referenced matter.  We write in accordance with Rule 6.A of Your Honor's Individual Rules and Practices in Civil Cases in anticipation of filing a Motion to Dismiss the First Amended Complaint of Jane Doe ("Plaintiff").[1]

Plaintiff, an undergraduate student at FIT, was suspended for engaging in physical abuse and disruptive conduct in violation of FIT's Code of Conduct, when she struck an individual handing out flyers on February 1, 2024.  The incident was captured on security video.  In compliance with FIT's Code of Conduct, FIT conducted an investigation of the incident, placed Plaintiff on interim suspension, provided Plaintiff with written notice of the charges, held a hearing on the matter, and found that Plaintiff deliberately struck the complainant with the intent to harm. As a result, Plaintiff was suspended for one semester, which meant that she was able to return to campus at the commencement of the Fall semester of 2024.  Plaintiff appealed the decision, which was upheld on appeal.

Nevertheless, Plaintiff brings this action more than ten months later, challenging FIT's disciplinary proceedings and findings.  In doing so, Plaintiff mischaracterizes her conduct as "a harmless expression of speech," and claims that FIT engaged in discriminatory conduct by making biased and pre-determined assumptions about her guilt, depriving her of a fair and impartial disciplinary process, and failing to condemn the dissemination of antisemitic flyers and protests near FIT's campus. On February 21, 2025, Plaintiff filed an Amended Complaint asserting the following twelve causes of action against FIT:  (1) discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq. ("Title VI"); (2) discrimination under the New York Executive Law § 286, et seq. ("NYSHRL"); (3) discrimination under the  New York Civil Rights Law § 40, et seq. ("NYCRL");   (4) discrimination under the N.Y.C. Administrative Code § 8-107 ("NYCHRL"); (5) breach of contract; (6) violation of substantive and procedural due process under 42 U.S.C. § 1983 ("§ 1983"); (7) retaliation under Title VI; (8)

---

[1] Although this Court denied Plaintiff's renewed motion to proceed under a pseudonym on April 3, 2025 (ECF No. 22), Plaintiff filed a motion for reconsideration of that order on April 17, 2025 (ECF No. 24) that has not yet been resolved. Pursuant to the Court's Order on April 21, 2025 (ECF No. 26), FIT intends to submit a response.

Judge Cronan
April 21, 2025
Page 2

retaliation under the NYSHRL; (9) retaliation under the NYCHRL; (10) retaliation under FIT's Code of Conduct; (11) intentional infliction of emotional distress ("IIED"); and (12) negligent infliction of emotional distress ("NIED").

Plaintiff's claims must be dismissed because they challenge FIT's disciplinary and/or administrative determination, which can only be brought pursuant to an Article 78 proceeding, which is now untimely. *Kickertz v. N.Y.U.*, 110 A.D.3d 268, 278 (1st Dept. 2013) ("Where the allegedly discriminatory acts are directly related to the academic or disciplinary determinations made by defendants, or to the procedures followed in reaching those determinations, they must be brought in an Article 78 proceeding, rather than a plenary action."); *Padiyar v. Albert Einstein Coll. of Medicine of Yeshiva Univ.*, 73 A.D.3d 634, 635 (1st Dept. 2010) ("The instant plenary complaint, while couched in terms of unlawful discrimination and breach of contract, is in fact a challenge to a university's academic and administrative decisions and thus is barred by the four-month statute of limitations for a CPLR Article 78 proceeding, the appropriate vehicle for such a challenge"). The time for Plaintiff to bring an Article 78 proceeding expired in July 2024.

Even if Plaintiff were able to pursue her claims in a plenary action, her claims must be dismissed for failure to state a claim against FIT. Plaintiff's Title VI discrimination claim must be dismissed because Plaintiff's allegations do not establish a hostile environment. Instead, Plaintiff's complaints pertain to actions that constitute pure speech on matters of public concern. *Landau v. Corp. of Haverford Coll.*, 24 Civ. 2044 (GAM), 2025 WL 35469, at *2 (E.D. Pa. Jan. 6, 2025) (describing student expression in support of the Palestinian cause as a "classic example" of activity protected by the First Amendment); *Univ. of Md. Students for Just. in Palestine*, 2024 WL 4361863, at *8 ( "[s]tudent demonstrations on college campuses in protest of the status quo, invariably with significant First Amendment implications, have a relatively long history in this country").

Plaintiff's NYSHRL, NYCRL, and NYCHRL claims must be dismissed because she cannot point to any adverse action or less favorable treatment during the relevant time period *due to her national origin or religion*. To establish discrimination claims under the NYSHRL, NYCRL, and NYCHRL, Plaintiff need only demonstrate that she has been treated less well than other students because of a protected characteristic. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2012); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017). Plaintiff's conclusory allegations that she was treated less favorably than other students who are not members of her protected classes are insufficient to sustain a cause of action.

Plaintiff's claim for breach of contract should be dismissed because there was no actual or implied contract between Plaintiff and FIT. To sustain a contract claim against a university, a student must point to a provision that guarantees specified services, not merely to a general statement of policy, or to statements of opinion or puffery. *Marbury v. Pace Univ. (In re Columbia Tuition Refund Action)*, 532 F. Supp. 3d 414, 421 (S.D.N.Y. 2021). Although Plaintiff references FIT's Code of Conduct, it does not contain any specific promises, only general academic standards, which do not create contractual liability for a university defendant. Moreover, FIT is not alleged to have breached any specific provision in the Code of Conduct, nor has Plaintiff fully performed under the Code of Conduct.

Judge Cronan
April 21, 2025
Page 3

Plaintiff's procedural and substantive due process claims likewise fail because an Article 78 proceeding is an adequate post-deprivation proceeding, which was available to Plaintiff. *Eldars v. State Univ. of N.Y.*, No. 20-4255 (Con), 2021 U.S. App. LEXIS 30213, at *11 (2d Cir. Oct. 8, 2021) ("the existence of Article 78 relief barred [plaintiff's] procedural due process claim").

Plaintiff's retaliation claims must also be dismissed under Title VI, the NYSHRL, and the NYCHRL, as Plaintiff has not plausibly alleged a causal connection between her alleged protected activities and any adverse conduct that would likely deter a person from engaging in such action. She claims she engaged in protected activity during the fall 2023 semester, on January 30, 2024, and February 1, 2024, and that FIT retaliated on February 2, 2024, by issuing an interim suspension. However, Plaintiff acknowledges that the interim suspension was due to a report of physical assault in violation of FIT's Code of Conduct. She was suspended by the Student Conduct Council after a hearing, with video evidence supporting the determination. Furthermore, Plaintiff has not plausibly alleged that other FIT students who engaged in similar conduct were treated differently. *Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F.Supp.2d 453, 462 (S.D.N.Y. 2007) (dismissing retaliation claim where plaintiff insufficiently plead disproportionate treatment or retaliatory animus). Furthermore, Plaintiff's retaliation claim under FIT's Code of Conduct must also be dismissed because the Code of Conduct does not create an individual cause of action.

Lastly, Plaintiff alleges claims against FIT for NIED and IIED. To establish claims of NIED and IIED, Plaintiff must allege outrageous and extreme conduct, which she has failed to sufficiently allege. *See Rhee-Karn v. Lask*, 15 Civ. 9946 (LAP), 2018 U.S. Dist. LEXIS 171319, *32 (S.D.N.Y. Sept. 30, 2018). Plaintiff's NIED should also be dismissed because Plaintiff does not allege that FIT owed her a special duty of care. *See Doe v. Syracuse Univ.*, 5:21-CV-977, 2024 U.S. Dist. LEXIS 137790, *12-*14 (N.D.N.Y. Aug. 2, 2024) (universities do not owe a special duty of care to students by virtue of the student-university relationship).

For the foregoing reasons, FIT intends to file a Motion to Dismiss all claims in the First Amended Complaint. FIT proposes the following briefing schedule:

- FIT's Motion to Dismiss due May 19, 2025
- Plaintiff's Opposition due June 16, 2025
- FIT's Reply due June 30, 2025

Respectfully Submitted,

BOND, SCHOENECK & KING, PLLC

*/s/ RKK*
Rebecca K. Kimura, Esq.

cc: Via Electronic Filing
    Abra Carole Siegel, Esq.
    Lauren Israelovitch, Esq.
    *Attorneys for Plaintiff*