

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | bsk.com
**REBECCA K. KIMURA, ESQ.**
rkimura@bsk.com
P: 646.253.2309

April 28, 2025

**<u>VIA ELECTRONIC FILING AND E-MAIL</u>**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

      Re:   *Jane Doe v. Fashion Institute of Technology,* Case No.: 1:25-CV-00950

Dear Judge Cronan:

We represent the Defendant, the Fashion Institute of Technology ("FIT" or "Defendant"), in the above-referenced matter. We submit this letter in response to Plaintiff's Motion for Reconsideration (ECF Nos. 24-25) and the Court's Order, dated April 21, 2025 ("Order") (ECF No. 26). In the Order, the Court sought FIT's response as to: (1) whether, by not opposing Plaintiff's renewed motion, FIT also intended to disclaim all prejudice that could result from Plaintiff proceeding under a pseudonym in this matter; and (2) whether FIT would suffer any prejudice -- either at this initial stage of the litigation or potentially at a later stage -- were Plaintiff to be permitted to proceed by pseudonym. In short, FIT did not disclaim all prejudice that could result from Plaintiff proceeding under a pseudonym, and FIT will indeed suffer prejudice if Plaintiff is permitted to proceed under a pseudonym, as described below.

On March 20, 2025, Plaintiff's counsel contacted me to inquire whether FIT would consent to Plaintiff's renewed motion to proceed under a pseudonym. Plaintiff's counsel followed up via email with the same request. On March 21, 2025, I responded to Plaintiff via email, stating that "FIT would not oppose [Plaintiff's] renewed motion." In doing so, FIT never disclaimed, nor intended to disclaim, any prejudice it could face if Plaintiff were permitted to proceed under a pseudonym. Moreover, Plaintiff's counsel did not provide FIT with its motion papers prior to filing, and FIT did not adopt any statements made therein by Plaintiff.

FIT also did not waive its right to claim prejudice merely by not opposing the renewed motion, and Plaintiff provides no legal support for this argument. Instead, courts are permitted to evaluate relevant factors when deciding a motion to proceed anonymously, even when the motion is unopposed. *S.D. v. Decker*, No. 22 Civ. 3063 (VSB) (BCM), 2022 U.S. Dist. LEXIS 76861, 2022 WL 1239589, at *2-3 (S.D.N.Y. Apr. 27, 2022). As this Court recognized in its April 3, 2025 Decision and Order, "[a] court must also evaluate the relevant factors even when, as here, an anonymity motion is unopposed." (*See* ECF No. 22 at p. 3) (collecting cases wherein courts in this Circuit denied motions to proceed anonymously where the opposing party did not oppose). Indeed, whether to allow a party to proceed anonymously is within the sound discretion of the Court. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008).

Judge Cronan
April 28, 2025
Page 2

In fact, allowing Plaintiff to proceed anonymously in this case would hinder FIT's ability to defend itself in all phases of litigation, including discovery and at trial. Witnesses who could support FIT's defenses would not be able to come forward if they cannot ascertain the identity of the Plaintiff. *See Sebastian v. Doe*, 25-CV-0911 (JAV), 2025 U.D. Dist. LEXIS 50849, at *8 (S.D.N.Y. March 19, 2025) ("Although defendants know who plaintiff is, concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery… For example, persons with information about the plaintiff or his allegations that would be helpful to the defense but were unknown to the defendant might not come forward.") (*internal quotations and citations omitted*); *see also Doe v. City Univ. of N.Y.*, 21 Civ. 9544 (NRB), 2021 U.S. Dist. LEXIS 230479, at *11 (S.D.N.Y. Dec. 1, 2021) (concealment of plaintiff's identity from the public can hamper the defendant's ability to conduct discovery).

Additionally, FIT would suffer further prejudice if this action were to proceed to trial. *Doe v. Gooding*, No. 20-cv-06569 (PAC), 2023 U.S. Dist. LEXIS 96345, at *4-5 (S.D.N.Y. June 2, 2023) ("the prejudice a defendant faces when a plaintiff uses a pseudonym increases when the parties go to trial."). As courts have recognized, the use of a pseudonym risks confusing a jury, as "jurors will likely construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff." *Id.(quoting Lawson v. Rubin*, No. 17-CV-6404, 2019 U.S. Dist. LEXIS 18119 at *3 (E.D.N.Y. Oct. 18, 2019)). Thus, allowing Plaintiff to proceed under a pseudonym would prejudice FIT with regard to issues of credibility at trial.

FIT also disputes the statements made in Plaintiff's motion for reconsideration regarding alleged threats to Plaintiff on the FIT campus. Among other things, Plaintiff states that a sticker bearing the phrase, "The only good Zionist is a dead Zionist" "has been affixed at two different locations inside FIT since February 3, 2025." (*See* ECF No. 25 at pg. 3). This accusation unfairly tarnishes FIT's reputation by falsely suggesting that FIT failed to immediately address the situation. In fact, FIT's Department of Public Safety immediately removed the sticker once notified of its location. (*See* Affidavit of Dr. Corie McCallum ("McCallum Aff."), ¶ 3). A second sticker, which was reported to FIT on March 7, 2025, was removed just minutes later by the Acting Vice President for Enrollment and Student Success himself. (*Id.* ¶ 4).

Plaintiff's attempts to portray FIT as a dangerous campus for Jewish students is also misleading. While Plaintiff states that "antisemitic and anti-Zionist groups on New York Campuses have been acting on their violent threats" and "[r]ecent violence against Jewish students by antisemitic and anti-Zionist groups is also common on college campuses outside of New York," Plaintiff does not allege that any of these threats occurred on FIT's campus or were affiliated with FIT, nor that she was specifically targeted by their actions.

Finally, contrary to Plaintiff's suggestion, FIT's non-opposition to Plaintiff's renewed motion to proceed under a pseudonym does not constitute evidence that "Plaintiff's privacy concerns are substantial and recognized by the Defendant itself." (*See* ECF No. 25 at p. 9). Rather, FIT merely stated it would not oppose the motion at that time for various reasons including its allocation of limited time and resources. However, given the inaccuracies stated in Plaintiff's motion, FIT submits this response to Plaintiff's motion for reconsideration.

Judge Cronan
April 28, 2025
Page 3

                                             Respectfully Submitted,

                                             BOND, SCHOENECK & KING, PLLC

                                             */s/ RKK*
                                             Rebecca K. Kimura, Esq.

cc:  Via Electronic Filing
      Abra Carole Siegel, Esq.
      Lauren Israelovitch, Esq.
      *Attorneys for Plaintiff*