NJAC National Jewish Advocacy Center
3 Times Square
NY NY 10036

June 26, 2025

**VIA ELECTRONIC FILING AND E-MAIL**

Hon. John P. Cronan
United States District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

CronanNYSDChambers@nysd.uscourts.gov

Re:   *Doe v. Fashion Institute of Technology*, Case No.: 1-25-CV-00950

Dear Judge Cronan:

We represent the Plaintiff Jane Doe ("Plaintiff") [1] herein. We write this letter in accordance with Rule 6.A of Your Honor's Individual Rules and Practices in Civil Cases in anticipation of filing a Motion to Amend the First Amended Complaint of Jane Doe ("Plaintiff"). Specifically, Plaintiff anticipates moving to amend Count VI, which alleges Sect. 1983 Substantive and Procedural Due Process violations, to add Defendant FIT's Dean Corie McCallum as a Defendant in her individual and official capacities and to add a request for injunctive relief in accordance with Your Honor's ruling in Mamatkulov v. City Univ. of New York, No. 22 CIV. 4131 (JPC), 2022 WL 2392433, at *3 (S.D.N.Y. July 1, 2022):

> [S]uits for prospective injunctive relief may proceed in federal court against state officers in their official capacities under the doctrine established in *Ex parte Young*, 209 U.S. 123 (1908). *See Henrietta D.*, 331 F.3d at 288 (explaining that the Eleventh Amendment does not preclude suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law ); *Harris*, 572 F.3d at 72-73. Plaintiff seeks injunctive relief here, in the form of reinstatement to Hunter College. The Court therefore grants Plaintiff leave to amend his complaint to replead his section 1983 claims for religious and disability discrimination.
>
> Plaintiff can replead a section 1983 claim (1) against a CUNY official in an official capacity only for injunctive relief or (2) against an individual from CUNY in an individual capacity for damages if the individual was personally involved in discriminating against Plaintiff based on his Muslim religion or his disability.

Mamatkulov, No. 22 CIV. 4131 (JPC), 2022 WL 2392433, at *3 (S.D.N.Y. July 1, 2022)

Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely given when justice so requires." Courts should permit amendments absent undue delay, bad faith,

---

[1] The Court granted Plaintiff's motion to proceed under a pseudonym on February 3, 2025, ECF No. 8, and denied Plaintiff's renewed unopposed motion to proceed under a pseudonym on April 3, 2025, ECF No. 22. On April 17, 2025, Plaintiff filed a motion for reconsideration of the Court's April 3 order, ECF Nos. 24 and 25, which is pending.

NJAC National Jewish Advocacy Center
3 Times Square
NY NY 10036

repeated failure to cure deficiencies, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff seeks to amend his complaint to include additional legal claims arising from the same set of facts, which will allow for full adjudication of the issues and prevent piecemeal litigation.

Good cause exists for granting the requested relief. This amendment is timely and made in good faith, as Plaintiff only recently identified the need to make these additional claims upon further legal analysis. Defendants will suffer no undue prejudice, as no dispositive rulings have been made, and Defendant FIT as well as its Dean Corie McCallum were already on notice of the factual allegations underlying these claims, as evidenced by the fact that Dean McCallum signed an affidavit, Dkt. 36, in support of Defendant FIT's motion to dismiss, Dkt. 34 and 35. Further, the additional claims are not futile, as they are well-supported by the existing record and applicable legal precedent.

For the foregoing reasons, Plaintiff anticipates filing a Motion to Amend the First Amended Complaint. Undersigned counsel emailed counsel for Defendant FIT earlier this afternoon, inquiring whether Defendant FIT would consent to Plaintiff amending Count VI to add Defendant's Dean Corie McCallum as a Defendant in her individual and official capacities and to add a request for injunctive relief, but has not yet received a reply. Given the short amount of time since undersigned counsel requested consent, it is possible that Defendant FIT will consent to this amendment and no briefing schedule will be necessary. However, in the event that a briefing schedule is necessary, Plaintiff proposes the following schedule:

- Plaintiff's Motion to Amend due July 28, 2025
- Defendant's Opposition due August 18, 2025
- Plaintiff's Reply due August 28, 2025

Respectfully submitted,

*Abra Siegel*
_____
Abra Siegel
Senior Litigation Counsel

The request is granted. Plaintiff may file her anticipated motion to amend by July 28, 2025. Any opposition shall be filed by August 18, 2025, and any reply shall be filed by August 28, 2025. Defendant's deadline to file a reply brief in support of its motion to dismiss is adjourned to seven days after the resolution of Plaintiff's motion. Should Plaintiff's motion be granted, the Court will grant Corie McCallum leave to move to dismiss any claims asserted against her in the amended complaint, and would be amenable to treating FIT's motion to dismiss as against the amended complaint with respect to Plaintiff's claims against FIT.

SO ORDERED
July 2, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge