```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JANE DOE,                                                              :
                                                                       :
                              Plaintiff,                               :
                                                                       :
               -v-                                                     :   25 Civ. 950 (JPC)
                                                                       :
FASHION INSTITUTE OF TECHNOLOGY,                                       :   OPINION AND ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff commenced this action on January 31, 2025, by filing her original Complaint, Dkt. 1, and the next day moved to proceed anonymously, Dkt. 4. On February 4, 2025, the Court granted "more limited relief" than sought in that motion, allowing Plaintiff to proceed anonymously but noting that the Court "intend[ed] to revisit the issue after [the Fashion Institute of Technology ('FIT')] appear[ed] in this action." *Doe v. Fashion Institute of Tech.*, No. 25 Civ. 950 (JPC), 2025 WL 384562, at *3 (S.D.N.Y. Feb. 4, 2025). Counsel for FIT filed notices of appearance on February 21, 2025, Dkts. 11-12, and Plaintiff renewed her motion to proceed anonymously on March 21, 2025, Dkts. 20-21. On April 3, 2025, the Court issued an Opinion and Order denying Plaintiff's renewed motion. *Doe v. Fashion Institute of Tech.* ("*FIT 2*"), No. 25 Civ. 950 (JPC), 2025 WL 1000927 (S.D.N.Y. Apr. 3, 2025). Plaintiff now moves the Court to reconsider that Opinion. Dkts. 24, 25 ("Motion"). Upon request from the Court, Dkt. 26, FIT filed a letter responding to Plaintiff's reconsideration motion on April 28, 2025, Dkt. 30 ("Response"). Plaintiff replied on April 30, 2025. Dkt. 31 ("Reply"). For the following reasons, reconsideration is denied.

Local Civil Rule 6.3 instructs that, in seeking reconsideration of a court order denying a motion, the movant must "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Cohen v. Jamison*, No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (explaining that reconsideration is warranted if a movant demonstrates "that the Court overlooked controlling law or factual matters that had been previously put before it" (internal quotation marks omitted)). "The reason for the rule confining reconsideration to matters that were overlooked is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

Plaintiff makes four main arguments in seeking reconsideration, all of which center around the Court's application of some of the ten factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008), used for balancing the plaintiff's interest in anonymity against both the public's interest in disclosure and any prejudice to the defendant. First, Plaintiff argues that the Court erred in several ways by concluding that the second and third factors (risk of retaliation and severity of harm to the plaintiff) weighed only slightly in favor of anonymity. Motion at 2-6. In so arguing, Plaintiff suggests that the Court overlooked evidence presented along with the renewed motion that a sticker bearing the phrase "The only good Zionist is a dead Zionist"

has been affixed to at least two locations inside FIT buildings since early February 2023. *Id.* at 3-4; *see also* Reply at 5-6.[1] Similarly, Plaintiff highlights "[r]ecent violence against Jewish students" on school campuses in New York and across the country in arguing that the Court improperly assessed the risk of harm to her. Motion at 4 & n.1. While Plaintiff's allegations of derogatory stickers affixed to buildings on FIT's campus and of violence against Jewish students elsewhere "are abhorrent," these alleged actions "were 'not directed at plaintiff or similarly situated individuals and so do not demonstrate that plaintiff is at risk of harm.'" *Doe v. Intel Corp.*, No. 24 Civ. 6117 (JPO), 2024 WL 4553985, at *4 (S.D.N.Y. Oct. 22, 2024) (alteration adopted and footnote omitted) (quoting *Doe v. City Univ. of New York*, No. 21 Civ. 9544 (NRB), 2021 WL 5644642, at *3 n.2 (S.D.N.Y. Dec. 1, 2021)); *see id.* at *4 n.2 ("Individuals are not 'similarly situated' simply because they belong to the same protected group.").

Plaintiff also argues that the second and third factors weigh in her favor because she has "alleged more than reputational harm resulting from the disclosure of her identity." Motion at 6. She claims instead that disclosure of her name would result in "potential employers and educational institutions [having] easy access to the disciplinary measures Defendant has taken against Plaintiff . . . , which would in turn threaten her ability to secure future employment and pursue academic opportunities," and would result in a "severely compromised" "likelihood of [Plaintiff] being hired or accepted to a prestigious graduate institution." *Id.* Plaintiff's identified harms are no different than mere reputational harms, insufficient to support a motion to proceed anonymously. *See Doe v. Townes*, No. 19 Civ. 8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020); *see also* Motion at 7 (twice arguing that Plaintiff is "particularly vulnerable to *reputational harm*" (emphasis added)). These claims of "economic hardship and

---

[1] Plaintiff suggests that perhaps a third sticker was placed on FIT's campus as well. Reply at 5 n.1. Whether two or three stickers, the analysis is the same.

loss of professional goodwill" do not weigh in favor of anonymity. *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 Civ. 5601 (HBP), 2015 WL 7017431, at *3-4 (S.D.N.Y. Nov. 12, 2015).

Second, Plaintiff argues that the Court erred by concluding that the fourth *Sealed Plaintiff* factor (the plaintiff's vulnerability) weighed against proceeding anonymously. Motion at 7-8. In its Opinion, the Court recognized that "[w]here Plaintiff is an adult 'who has chosen to level serious charges against a defendant in the public eye,' this fourth factor 'weighs in favor of [her] shouldering the burden of such accusations.'" *FIT 2*, 2025 WL 1000927, at *4 (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021)). Plaintiff repeats the same arguments concerning her vulnerability in her motion for reconsideration as she did in her renewed motion to proceed anonymously. *Compare* Motion at 7-8, *with* Dkt. 21 at 8. A motion for reconsideration is not an opportunity for litigants to take a second bite at the apple, however. *See Am. Home Assurance Co. v. Crowley Ambassador*, No. 01 Civ. 3605 (PKL), 2003 WL 21313972, at *4 (S.D.N.Y. June 6, 2003) ("A motion for reconsideration is not an opportunity to press more strenuously the same arguments made in the original motion."). Regardless, Plaintiff argues that she is "particularly vulnerable to reputational harm" as a college student, Motion at 7, but, as explained above, Plaintiff's reputational harms are insufficient to warrant proceeding anonymously, especially as Plaintiff is an adult and chose to bring this lawsuit herself, *see Rapp*, 537 F. Supp. 3d at 530.

Third, Plaintiff argues that the Court erred in evaluating the sixth *Sealed Plaintiff* factor (prejudice to the defendant) because, in Plaintiff's view, FIT waived any claim of prejudice by not opposing Plaintiff's motion[2] and the Court improperly "independently assert[ed] a claim of

---

[2] Plaintiff further argues that FIT's "non-opposition to [the] motion to proceed under a pseudonym is evidence that [Plaintiff's] privacy concerns are substantial and recognized by [FIT]." Reply at 6; *accord* Motion at 9. The Court disagrees. FIT has provided a reason for its non-opposition that is unrelated to Plaintiff's privacy concerns—"its allocation of limited time and

4

prejudice" on behalf of FIT. Motion at 8-9; Reply at 3-5.[3] Plaintiff misunderstands the Court's obligations under *Sealed Plaintiff*. The Court did not "assert" a claim of prejudice on behalf of a party; as explained in the prior Opinion, courts must evaluate prejudice as part of the balancing analysis that *Sealed Plaintiff* requires, even in the absence of opposition. *See FIT 2*, 2025 WL 1000927, at *2 (collecting cases and explaining that courts "must evaluate the relevant factors even when, as here, an anonymity motion is unopposed"). "After all, the Second Circuit in *Sealed Plaintiff* instructed district courts to weigh 'the interests of both *the public* and the opposing party' in considering such motions." *Id.* at 4 (quoting *Sealed Plaintiff*, 537 F.3d at 189) (emphasis in *FIT 2*); *see also Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) ("Animating Rule 10(a) is the 'public's common law right of access to judicial proceedings,' which is a right 'supported by the First Amendment.'" (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016))). Plaintiff cites to no "controlling decisions" suggesting that the Court may ignore its duty to apply the *Sealed Plaintiff* framework in full.[4] S.D.N.Y. Loc. Civ. R. 6.3.

Nor does Plaintiff identify any overlooked precedent holding that a party's failure to oppose a motion to proceed anonymously operates as a waiver of the prejudice inquiry. *See*

---

resources." Response at 2. Plus, as noted *infra*, FIT has articulated prejudice it would suffer were the Court to allow Plaintiff to proceed anonymously in this action.

[3] Plaintiff also argues that the Court erred by concluding that FIT would be prejudiced by allowing Plaintiff to proceed anonymously because FIT, as a public institution, cannot suffer reputational harm. Motion at 5, 8-9. The Court recognized this principle, explaining that "FIT's vulnerability to reputational harm is diminished as a government institution," which ultimately led to the conclusion that the sixth factor was neutral instead of weighing against Plaintiff. *FIT 2*, 2025 WL 1000927, at *5.

[4] Plaintiff references the principle of party presentation and cites to *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020). Motion at 5-6, 8; Reply at 4. But the "party presentation principle is supple, not ironclad," *Sineneng-Smith*, 590 U.S. at 376, and Plaintiff cites to no case holding that a court must not independently evaluate the *Sealed Plaintiff* factors when faced with an unopposed motion to proceed anonymously.

5

*generally* Motion; Reply.  Plaintiff's reliance on *United States v. Romano*, 794 F.3d 317 (2d Cir. 2015), is misplaced.  *See* Reply at 4.  In *Romano*, the Second Circuit found a knowing waiver of an argument in the face of "not merely . . . silence but . . . a negative response on the record to a district court invitation to voice objection."  794 F.3d at 334 (alteration adopted; internal quotation marks and emphasis omitted).  That is far from the situation here.  When the Court invited FIT to clarify whether it "intended to disclaim all prejudice that could result from Plaintiff proceeding under a pseudonym in this case" by not opposing the motion, Dkt. 26, FIT expressly declined to do so, Response at 1, and instead noted the prejudice it would suffer throughout the life of this case, *id.* at 2 ("[A]llowing Plaintiff to proceed anonymously in this case would hinder FIT's ability to defend itself in all phases of litigation, including discovery and at trial.  Witnesses who could support FIT's defenses would not be able to come forward if they cannot ascertain the identity of the Plaintiff. . . .  Additionally, FIT would suffer further prejudice if this action were to proceed to trial. . . .  [T]he use of a pseudonym risks confusing a jury, as jurors will likely construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused [Plaintiff]. . . .  Thus, allowing Plaintiff to proceed under a pseudonym would prejudice FIT with regard to issues of credibility at trial." (internal quotation marks omitted)).

Fourth and finally, Plaintiff argues that the Court erred when it concluded that the tenth *Sealed Plaintiff* factor (alternative mechanisms) weighed against anonymity.  Motion at 9-10.  Here too, Plaintiff seeks to relitigate an issue already decided by this Court, without identifying the "matters or controlling decisions which [Plaintiff] believes the court has overlooked."  S.D.N.Y. Loc. Civ. R. 6.3.  In any event, the tenth factor weighs against Plaintiff because she can seek less drastic remedies than blanket anonymity, such as "protective documents, redactions, confidentiality agreements or sealing documents."  *Doe v. Salina*, No. 23 Civ. 3529 (JMW), 2024

WL 1259362, at *7 (E.D.N.Y. Mar. 25, 2024); *accord Doe v. Combs*, No. 24 Civ. 8054 (MKV), 2024 WL 4635309, at *6 (S.D.N.Y. Oct. 30, 2024), *reconsideration denied*, 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024).

In all, Plaintiff has failed to identify "controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. Plaintiff's motion for reconsideration is accordingly denied. Plaintiff's request for oral argument, Dkt. 33, is denied as moot. Plaintiff shall file an amended complaint under her true name by July 18, 2025. If an amended complaint is not filed by that date, or if that deadline is not extended, the Court will dismiss this action without prejudice. The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 24 and 33.

SO ORDERED.

Dated: July 11, 2025  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge