**NJAC** National Jewish Advocacy Center

3 Times Square
NY NY 10036

July 24, 2025

**VIA ELECTRONIC FILING AND E-MAIL**

Hon. John P. Cronan
United States District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

CronanNYSDChambers@nysd.uscourts.gov

Re:     *Doe v. Fashion Institute of Technology*, Case No.: 1-25-CV-00950

Dear Judge Cronan:

I am an attorney with the non-profit entity National Jewish Advocacy Center, Inc., assigned to represent Plaintiff Jane Doe ("Plaintiff") [1] in the above-referenced matter. I write in accordance with Rule 6.A of Your Honor's Individual Rules and Practices in Civil Cases in anticipation of filing a Motion to Stay all pleading, motion and other deadlines in this matter while Plaintiff's interlocutory appeal of this Court's denial of her motion for reconsideration of the denial of her renewed unopposed motion to proceed under a pseudonym is pending.

To summarize, the basis for Plaintiff's motion for stay pending interlocutory appeal is that the harm caused by revealing Plaintiff's identity would be immediate and irreparable. For example, in *Doe v. Massachusetts Institute of Technology*, 46 F. 4th 61, 65-67 (1st Cir. 2022), the First Circuit emphasized that once a litigant's true name is revealed, the harm is irreversible, and appellate review after final judgment would provide no meaningful (*citing, inter alia*, *United States v. Pilcher,* 950 F.3d 39, 41 (2d Cir. 2020) *(per curiam)*). The court in *Doe v. Massachusetts Institute of Technology* noted that such denials are effectively unreviewable without the collateral order doctrine. 46 F. 4th at 65 ("Once the litigant's true name is revealed on the public docket, the toothpaste is out of the tube and the media or other interested onlookers may take notice in a way that cannot be undone by an appellate decision down the road"). Similarly, the Third Circuit in *Doe v. College of New Jersey*, 992 F. 3d 489, 494 (3rd Cir. 2021), held that the denial of pseudonymity is an important issue separate from the merits and is effectively unreviewable after final judgment because the litigant's identity cannot be anonymized retroactively ("we cannot anonymize a litigant's already publicized identity with a new trial. That bell cannot be unrung.").

---

[1] The Court granted Plaintiff's motion to proceed under a pseudonym on February 3, 2025, ECF No. 8, denied Plaintiff's renewed unopposed motion to proceed under a pseudonym on April 3, 2025, ECF No. 22, and denied Platiniff's motion for reconsideration on July 11, 2025, ECF No. 44. On July 18, 2025, Plaintiff filed a Notice of Interlocutory Appeal to the Second Circuit Court of Appeals, ECF No. 45.

**NJAC** National Jewish Advocacy Center
3 Times Square
NY NY 10036

The rationale for granting such stays is rooted in the recognition that the harm caused by revealing a litigant's identity is immediate and irreparable. Courts have acknowledged that the public disclosure of a litigant's identity can result in significant harm, including at times retaliation and physical danger. *See Doe v. College of New Jersey,* 997 F.3d 489, 494 (2021); *Doe v. Mast*, 745 F.Supp.3d 399, 404-405 (W.D. Va. 2024))(risk of physical harm to the plaintiffs' relatives in Afghanistan justified allowing plaintiffs to proceed pseudonymously, highlighting the severe consequences of disclosure).

Courts have granted stays of orders denying pseudonymity to preserve the litigant's anonymity while an interlocutory appeal is pending. *See, eg., Doe v. Massachusetts Institute of Technology*, 46 F. 4th 61, 65 (1st Cir. 2022)(district court stayed case to facilitate plaintiff's anticipated appeal of the denial of motion to proceed under pseudonym); *Poe v. Lowe,* 756 F.Supp. 3d 537, 551 (M.D. Tenn. 2024)(court stayed order denying pseudonymity stayed for 14 days to allow plaintiff to seek review, and the stay would remain in place if timely review was sought).

Plaintiff proposes the following briefing schedule:

- Plaintiff's Motion for Stay due August 19, 2025
- Defendant's Opposition due September 2, 2025
- Plaintiff's Reply due September 9, 2025

Respectfully submitted,

NATIONAL JEWISH ADVOCACY CENTER, INC.

*Abra Siegel*
Abra Siegel

> The request is granted. Plaintiff may file the anticipated motion by August 19, 2025. Any opposition shall be filed by September 15, 2025, and any reply shall be filed by September 22, 2025. Plaintiff's deadline to file an amended complaint is adjourned to seven days following the resolution of the anticipated motion for a stay.
>
> SO ORDERED
> July 29, 2025
> New York, New York
>
> JOHN P. CRONAN
> United States District Judge