```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JANE DOE,                                                              :
                                                                       :
                            Plaintiff,                                 :
                                                                       :
               -v-                                                     :   25 Civ. 950 (JPC)
                                                                       :
FASHION INSTITUTE OF TECHNOLOGY,                                       :   OPINION AND ORDER
                                                                       :
                            Defendant.                                 :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff commenced this action on January 31, 2025, by filing a Complaint against Defendant Fashion Institute of Technology ("FIT"), Dkt. 1, and the next day moved to proceed anonymously, Dkt. 4. On February 4, 2025, the undersigned allowed Plaintiff to proceed anonymously but noted that the Court "intend[ed] to revisit the issue after FIT appear[ed] in this action." *Doe v. Fashion Inst. of Tech.* ("*FIT 1*"), No. 25 Civ. 950 (JPC), 2025 WL 384562, at *3 (S.D.N.Y. Feb. 4, 2025). After counsel for FIT filed notices of appearance on February 21, 2025, Dkts. 11-12, Plaintiff renewed her motion to proceed anonymously on March 21, 2025, Dkts. 20-21. On April 3, 2025, the Court denied Plaintiff's renewed motion. *Doe v. Fashion Inst. of Tech.* ("*FIT 2*"), No. 25 Civ. 950 (JPC), 2025 WL 1000927 (S.D.N.Y. Apr. 3, 2025). Plaintiff moved the Court for reconsideration on April 17, 2025, Dkts. 24, 25 ("Motion for Reconsideration"), which the Court denied on July 11, 2025, *Doe v. Fashion Inst. of Tech.* ("*FIT 3*"), No. 25 Civ. 950 (JPC), 2025 WL 1920065 (S.D.N.Y. July 11, 2025). Plaintiff filed an interlocutory appeal of that decision on July 18, 2025, Dkt. 47, and now moves the Court for a stay pending its appeal, Dkts. 49, 50 ("Motion for Stay").

Deciding whether to grant a stay entails "consideration of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted).  The first of these four factors is especially "critical," *id.*, so when "likelihood of success [is] totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay," *Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 49 (2d Cir. 2020).  *See Agudath Israel of Am. v. Cuomo*, 979 F.3d 177, 180 (2d Cir. 2020) (explaining that the party seeking a stay is "required" to make "a strong showing that [he] is likely to succeed on the merits" (cleaned up)).

The Court here declines to enter a stay because Plaintiff has not shown that the interlocutory appeal's "chance of success on the merits [is] better than negligible." *Nken*, 556 U.S. at 434 (internal quotation marks omitted).  Appellate "review of a district court's decision to grant or deny an application to litigate under a pseudonym is for abuse of discretion," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008), and under that deferential standard, the Plaintiff has not shown that the interlocutory appeal is likely to succeed.

Plaintiff makes three arguments for the likely success of her interlocutory appeal, none of which are persuasive.  First, Plaintiff argues that the Court's decision denying reconsideration of the motion to proceed anonymously erred by citing Plaintiff's briefing for the proposition that anti-Zionist stickers had been affixed inside FIT buildings "since early February 2023," *FIT 3*, 2025 WL 1920065, at *1, when, in fact, the anti-Zionist stickers were affixed after early February *2025*.

2

*See* Motion for Stay at 5-6. This typographical error[1] is of no moment, however, because the Court's decision denying reconsideration did not turn on any passage of time since the stickers were affixed.[2] Rather, the Court's assessment that likelihood of harm was relatively low was based on the fact that the "derogatory stickers . . . were not directed at plaintiff or similarly situated individuals." *FIT 3*, 2025 WL 1920065, at *1 (internal quotation marks omitted); *see id.* (reaffirming "that the second and third [*Sealed Plaintiff*] factors (risk of retaliation and severity of harm to the plaintiff) weigh[] only slightly in favor of anonymity").

Second, Plaintiff argues that the Court underestimated the risk of harm to Plaintiff given violent anti-Zionist threats on FIT's campus. *See* Motion for Stay at 6-10. But the Court took these concerns seriously, which is why, in the Court's decision denying Plaintiff's renewed motion to proceed anonymously, the undersigned observed that there was at least "some risk of harm . . . from third parties," and concluded that this fact weighed "slightly in favor of anonymity." *FIT 2*, 2025 WL 1000927, at *3-4. At the same time, it would be blinking reality to not acknowledge that the risk of harm here is tempered by the fact that many of the alleged threats were directed to "Zionists" as a general group, as opposed to Plaintiff personally, or even to a smaller subset of Zionists within FIT's campus. *See Doe v. Intel Corp.*, 786 F. Supp. 3d 576, 583 (S.D.N.Y. 2024) ("Were the general existence of discrimination a sufficient reason to proceed anonymously, then scarcely any discrimination cases would be exempt."). Additionally, as the Court noted in its decision denying Plaintiff's renewed motion to proceed anonymously, Plaintiff

---

[1] The reference to February 2023 was a purely typographical error: the Court's Orders in this case have discussed Plaintiff's allegations of a hostile education environment at FIT, which began only after the terrorist attacks of October 7, 2023. *FIT 2*, 2025 WL 1000927, at *1; *FIT 1*, 2025 WL 384562, at *1; *see* Dkt. 15 (Amended Complaint) ¶¶ 20-49 (alleging specific incidents occurring at FIT from the fall semester of 2023 through February 2024).

[2] Nor, for that matter, did Plaintiff's briefing in support of reconsideration place any weight on how recently the stickers were affixed. *See* Motion for Reconsideration at 3-4.

3

was already identified as a Zionist when "her picture was posted on social media after she refused to accept a flier," *FIT 2*, 2025 WL 1000927, at *3, so a similar risk of harm would exist regardless of whether Plaintiff is identified as the particular Jewish student who filed this lawsuit.  *See Doe*, 786 F. Supp. 3d at 583-84 ("[E]ven if Plaintiff has taken steps to keep his participation in this lawsuit secret from the public, Plaintiff does not allege that he has kept secret his political views, his Jewish identity, his Israeli nationality, or his past IDF service.  Because much of the 'unrest' that Plaintiff highlights is targeted at Jews and Israelis merely based on their identities, it is unclear what incremental injury would be caused by public disclosure of Plaintiff's participation in this lawsuit." (cleaned up)); *Doe v. Freydin*, No. 21 Civ. 8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (explaining that when the defendants already know who the plaintiff is, the "plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity").

Finally, Plaintiff argues that the Court should have granted the motion to proceed anonymously because FIT did not oppose Plaintiff's request.  *See* Motion for Stay at 10-12.[3]  But even if FIT's initial non-opposition were construed as a waiver of any resulting prejudice, "the plaintiff's interest in anonymity must be balanced against *both the public interest in disclosure and any prejudice to the defendant*." *Sealed Plaintiff*, 537 F.3d at 189 (emphasis added); *see id.* at 188-

---

[3] In a letter filed on April 28, 2025, FIT explained that it did not submit an opposition to Plaintiff's renewed motion to proceed anonymously for reasons that included its "limited time and resources." Dkt. 30 at 2. But in responding to the Court's invitation to clarify its position, FIT described the prejudice it would suffer throughout the litigation if Plaintiff were to proceed anonymously. *See id.* ("[A]llowing Plaintiff to proceed anonymously in this case would hinder FIT's ability to defend itself in all phases of litigation, including discovery and at trial. Witnesses who could support FIT's defenses would not be able to come forward if they cannot ascertain the identity of the Plaintiff. . . . Additionally, FIT would suffer further prejudice if this action were to proceed to trial. . . . [T]he use of a pseudonym risks confusing a jury, as jurors will likely construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused [Plaintiff]. . . . Thus, allowing Plaintiff to proceed under a pseudonym would prejudice FIT with regard to issues of credibility at trial." (internal quotation marks omitted)).

89 (explaining that the requirement that "the title of a complaint must name all the parties . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly" (quoting Fed. R. Civ. P. 10(a)) (alterations adopted)). Here, the public interest alone provides more than enough reason to reject anonymity. Not only is the "alleged disparate treatment of Jewish students at colleges" a matter of national importance, *FIT 2*, 2025 WL 1000927, at *5, but keeping "only one party's identity confidential creates a risk that only witnesses for that side would come to light," *id.* at 4 (internal quotation marks omitted), which, in turn, "hinder[s] the judicial interest in accurate fact-finding and fair adjudication," *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021) (internal quotation marks omitted).

It is worth emphasizing that there are only "a limited number of exceptions to the general requirement of disclosure of the names of parties." *Sealed Plaintiff*, 537 F.3d at 189 (alterations adopted). Even though "the history of civil rights litigation is replete with examples where named plaintiffs have borne a risk of reprisal," *Intel Corp.*, 786 F. Supp. 3d at 584 n.5, parties are not normally allowed to proceed under pseudonyms. It follows that anonymity cannot be justified here, where there is no especially compelling "direct evidence linking disclosure of [Plaintiff's] name to a specific physical or mental injury." *Doe v. Gong Xi Fa Cai, Inc.*, No. 19 Civ. 2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019).

Because Plaintiff offers no reason to conclude that the Court's refusal to permit her to proceed anonymously is likely to be overturned, the Court need not consider the other stay factors identified above. *See Uniformed Fire Officers Ass'n*, 973 F.3d at 49. The motion for a stay pending interlocutory appeal therefore is denied. Plaintiff's request for oral argument, Dkt. 54, is denied as moot. Plaintiff shall file an amended complaint under her true name within seven days of this Opinion and Order. If an amended complaint is not filed by that date, or if that deadline is

not extended, the Court will dismiss this action without prejudice. The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 49 and 54.

SO ORDERED.

Dated: November 6, 2025
       New York, New York

                                        JOHN P. CRONAN
                              United States District Judge